IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LENROY MCLEAN | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-168 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lenroy McLean, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA) against the United States of America, Michael W. Lockhart, J. Baltazar, Sonya Cole, M. R. Lewis, Cathy Cutwright, First Name Unknown (FNU) Heno, FNU Brasfield, Russell Taylor, Wanda Jones, Rodney Davis, FNU Polavarapy, FNU McGarvey, FNU Steffey, FNU Fontenot, FNU Brownfield, FNU Hanson, FNU Williams, FNU Chiles, J. Jones, Deshawn Davis, and FNU Laidled.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant United States of America (Defendant) filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment (doc. #47) with respect to the FTCA claims.[1] Plaintiff filed a Response (doc. #52), and the matter is now ripe for review.

---

[1] Plaintiff is also pursuing *Bivens*-type claims against the individual Defendants. This Report and Recommendation does not address those claims; it is limited to the FTCA claims against the United States of America. For purposes of this Report and Recommendation, the United States of America will be referred to as "Defendant" as the government is the only Defendant moving for summary judgment at this time.

Factual Background[2]

Plaintiff states that he was falsely imprisoned placed in administrative detention on January 31, 2019, pending an investigation based on unspecified disciplinary charges. Plaintiff alleges he initiated a hunger strike on February 6, 2019, because he was not told the reason for the investigation until he received a copy of the detention order on February 21, 2019. Plaintiff claims the detention order was fraudulent because the signatures on the document do not match the prison officials' signatures on other documents. Plaintiff alleges he was eventually charged with a disciplinary infraction, but the charge was dismissed and Plaintiff was released from administrative detention on June 26, 2019.

Plaintiff claims he was denied adequate medical treatment during his hunger strike, which he ended in March. Plaintiff also alleges a nurse and a doctor violated HIPPA during his hunger strike by allowing a prison employee to be present during a medical examination.

Plaintiff alleges Defendant Brownfield assaulted him by shoving him on March 1, 2019, when Defendant Brownfield returned Plaintiff to his cell after a medical appointment.

Plaintiff alleges correctional officers conspired against him and abused their authority by changing his classification and taking other actions to keep him confined in segregation and failing to handle his grievances correctly.

On May 23, 2019, Plaintiff alleges an inmate with scabies was moved into Plaintiff's cell, which caused Plaintiff emotional distress.

---

[2] Plaintiff raises a number of claims spanning a six-month period of time. The factual background in this Report is limited to the issues raised in Plaintiff's first administrative tort claim, which was properly exhausted prior to the time Plaintiff filed his Complaint.

Standards of Review

*Failure to State a Claim*

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Summary Judgment*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech.*, 334 F.3d at 427.

Analysis

The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable for certain common law torts of government employees acting within the scope of their employment to the extent that a private person would be liable to the plaintiff under the law of the place where the allegedly tortious act occurred. 28 U.S.C. § 1346(b); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). Federal employees themselves have absolute immunity from personal liability for common law torts committed within the scope of their employment. 28 U.S.C. § 2679(b). Plaintiff bears the burden of proving Congress unequivocally waived sovereign immunity. *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010). Courts must strictly construe waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Chapa v. United State Dep't of Justice,* 339 F.3d 388, 390 (5th Cir. 2003).

*Unexhausted Claims*

A claim is not actionable in federal court unless the claimant has exhausted administrative remedies with the appropriate government agency. 28 U.S.C. § 2675(a). The FTCA bars claimants from filing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The competent summary judgment evidence reflects that Plaintiff filed two administrative tort claims with the Bureau of Prisons before he filed this action. The first, TRT-SCR-2019-04505, was received by the Bureau of Prisons on July 15, 2019, and was considered exhausted because more than six months had elapsed without any action being taken to resolve the claim. (Doc. #47-1 at 6, 23.) Plaintiff submitted a second administrative tort claim on January 25, 2021. (Doc. #47-1 at 34-36.) Plaintiff received a response to TRT-SCR-2021-02677 from the

Bureau of Prisons on June 14, 2021, after he filed this action. (Doc. #47-1 at 47.) Plaintiff filed two additional administrative tort claims (doc. #47-1 at 49 and doc. #47-1 at 63), but those administrative tort claims were submitted to the Bureau of Prisons after Plaintiff filed this action. As a result, only the issues raised in TRT-SCR-2019-04505 are exhausted. The issues raised in the other three administrative tort claims are unexhausted and must be dismissed.

*False Imprisonment*

Plaintiff alleges he was falsely imprisoned when he was confined in administrative detention for six months at the federal prison in Beaumont, Texas. Because the allegedly tortious conduct took place in Texas, the substantive law of Texas applies to Plaintiff's FTCA claims. *Webber v. Fed. Bureau of Prisons*, 200 F. App'x 335, 337 (5th Cir. 2006).

Under Texas law, there are three elements of a false imprisonment claim: (1) willful detention of the plaintiff by the defendant, (2) without the plaintiff's consent, and (3) without legal authority. *Davila v. United States*, 713 F.3d 248, 262 (5th Cir. 2013), citing *Wal-Mart Stores v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002).

Defendant states that Plaintiff is legally detained following his March 10, 2010, conviction in the United States District Court for the Southern District of New York, for which he was sentenced to 228 months of imprisonment. Plaintiff does not dispute that he is legally incarcerated. Rather, he claims that his assignment to administrative detention was unlawful. However, Plaintiff offers no support for the proposition that a convicted prisoner's assignment to administrative detention within the prison is the sort of detention that can support a false imprisonment claim. *But see Roberson v. TDCJ*, No. 13-16-00443-CV, 2017 WL 3530933, at *4-5 (Tex. App.-Corpus Christi Aug. 17, 2017, no pet.) (noting that Texas law does not recognize a right for damages related to a

prison official's negligent or grossly negligent to enforce rules regarding placement within the prison). Because Plaintiff is legally in the custody of the Bureau of Prisons, Plaintiff's claim concerning his housing assignment within the prison fails to state a claim of false imprisonment.

*Negligent Medical Treatment*

Defendant contends that the claims concerning Plaintiff's medical treatment during his hunger strikes and a HIPAA violation should be dismissed for lack of jurisdiction because medical care at the prison is provided by an independent contractor, not government employees.

The FTCA does not waive immunity as to claims against workers who are not government employees. *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010). Thus, the court lacks subject matter jurisdiction if the alleged wrongdoer is not a government employee. *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

The FTCA defines government employees as officers or employees of federal agencies, members of the military or naval forces, and persons acting on behalf of a federal agency in an official capacity. 28 U.S.C. § 2671. A contractor with the United States is not a government employee for purposes of the FTCA. *Id.* A critical factor in distinguishing a government employee from a contractor is the power of the government to control the detailed physical performance of the work. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Peacock*, 597 F.3d at 659. Other factors, including the following, may demonstrate an employee relationship: (1) the work does not require a worker who is highly educated or skilled; (2) the work is typically done by an employee in the locale, rather than an independent contractor; (3) the employer supplies the tools, instrumentalities, or place of work; (4) the employment is for a considerable period of time with regular hours; (5) the method of payment is by the hour or month; (6) the work is full-time employment by one employer;

(7) the work is part of the employer's regular business; and (8) the parties believe they have created an employment relationship. *Rodriguez v. Sarabyn*, 129 F.3d 760, 765 (5th Cir. 1997).

The competent summary judgment evidence reflects that medical care at the Federal Correctional Complex in Beaumont (FCC Beaumont) was provided by an independent contractor, League Medical Concepts (LMC), from August 1, 2013, through April 30, 2019.[3] (Doc. #47-1 at 90.) Under the contract, LMC was paid a flat rate per day, per inmate. (Doc. #47-1 at 91, 95, 117.) League Medical Concepts paid their employees and were responsible for withholding applicable taxes, and the Bureau of Prisons did not provide LMC employees with any benefits typically associated with an employment relationship. (Doc. #47-1 at 91.) The contract required LMC to provide all medical, psychiatric, and dental services at the prison, to provide inmates with necessary devices and supplies, and to arrange for medical treatment at outside facilities when necessary. (Doc. #47-1 at 91-92, 122.) All medical decisions were left to the clinical judgment of LMC employees, and the Bureau of Prisons did not retain control over those decisions. (Doc. #47-1 at 92, 120.)

Because the medical staff was employed by LMC, not the Bureau of Prisons, the court lacks subject matter jurisdiction over Plaintiff's claim that he was denied medical treatment during his hunger strike and his claim of a HIPAA violation by LMC employees. *Semien v. United States*, 838 F. App'x 88, 89 (5th Cir. 2021) (affirming the district court's finding that League Medical Concepts was an independent contractor, contracted by the Bureau of Prisons to provide medical care at FCC

---

[3] On May 1, 2019, the Bureau of Prisons contracted with Correct Care Solutions to provide medical care at FCC Beaumont. (Doc. #47-1 at 90.) Plaintiff's claims concern medical care he received in February and March of 2019, when LMC was contracted to provide medical treatment for inmates.

Beaumont). Therefore, the court lacks subject matter jurisdiction over the FTCA claims concerning Plaintiff's medical care.

*Assault*

Plaintiff alleges he was assaulted by Defendant Brownfield. Generally, intentional torts are not cognizable under the FTCA. *See* 28 U.S.C. § 2680. However, any claim arising out of an assault or battery by an investigative or law enforcement officer is cognizable under the FTCA. 28 U.S.C. § 2680(h). The United States Court of Appeals for the Fifth Circuit has found that employees of the Bureau of Prisons are law enforcement officers. *Chapa v. United State Dep't of Justice,* 339 F.3d 388, 390 (5th Cir. 2003) (holding that BOP employees are law enforcement officers for purposes of 28 U.S.C. § 2680(c) which exempts any claim arising from the detention of property by a law enforcement officer).

In Texas, the definition of "assault" is the same in both criminal and civil law. *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.--Dallas 1996, no writ). An assault occurs when a person: (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily; or (3) "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE ANN. § 22.01(a)(1)-(3).

Defendant argues that Plaintiff did not allege any facts supporting a claim of assault. In his attachments to his Complaint, Plaintiff states that Defendant Brownfield escorted Plaintiff back to his cell, punched the wall multiple times, and shoved Plaintiff into the wall. (Doc. 1 at 58.) These allegations are sufficient to state a claim under Texas Code of Criminal Procedure § 22.01(a)(3), which only requires that the defendant intentionally or knowingly caused physical contact which the

8

defendant knows or should believe that the plaintiff would find offensive or provocative. Therefore, Defendant's motion to dismiss the assault claim should be denied at this stage of the litigation.

*Abuse of Process*

Plaintiff raises an abuse of process claim against prison officials in connection with his placement in administrative segregation, the subsequent disciplinary proceeding, and the resolution of his grievances. Under Texas law, the elements of an abuse of process cause of action are: (1) the defendant made an illegal or improper use of process that was not warranted or authorized; (2) the defendant had an ulterior motive for improperly using the process; and (3) the plaintiff was damaged as a result of the improper use of process. *Graves v. Evangelista-Ysasaga*, No. 14-22-00137-CV, 2023 WL 370589, at *5 (Tex. App.–Houston [14th Dist.] Jan. 24, 2023). "Process" refers to any procedures "incident to litigation." *Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex. App.–Corpus Christi 1978, writ ref'd n.r.e.) ("Texas has generally recognized a cause of action for abuse of process in situations where the original process, which as a writ of garnishment or writ of sequestration, has been abused to accomplish an end other than that which the writ was designed to accomplish.").

Plaintiff's claims concern the alleged abuse of prison processes, not court processes. As a result, his abuse of process claims fail to state a claim upon which relief may be granted.[4]

---

[4] Plaintiff alleges prison officials conspired to abuse process. Under Texas law, civil conspiracy is a derivative tort, which means Defendant is not liable for conspiracy unless the prison officials were found to have participated in an underlying tort. *Tilton v. Marshal*, 925 S.W.2d 672, 680-81 (Tex. 1996). Because Plaintiff failed to state a claim for abuse of process, he has also failed to state a claim for civil conspiracy. *Id*.

*Intentional Infliction of Emotional Distress*

Plaintiff alleges he was subjected to the intentional infliction of emotional distress when he was confined in administrative detention for six months. The FTCA bars inmates from bringing a civil action against the United States for mental or emotional injury suffered while in custody without a prior showing of physical injury. 28 U.S.C. § 1346(b)(2). Plaintiff has not alleged any facts from which the court could conclude that his placement in administrative segregation caused him a physical injury. Accordingly, he has failed to state a claim upon which relief may be granted.

## Recommendation

Defendant's Motion to Dismiss and for Summary Judgment should be denied with respect to the assault claim and granted with respect to the remaining FTCA claims.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE