IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LENROY MCLEAN | § | |
| VS. | § | CIVIL ACTION NO.   1:21-CV-168 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lenroy McLean, a prisoner confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act against the United States of America, Michael W. Lockhart, J. Baltazar, Sonya Cole, M. R. Lewis, Cathy Cutwright, First Name Unknown (FNU) Heno, FNU Brasfield, Russell Taylor, Wanda Jones, Rodney Davis, FNU Polavarapy, FNU McGarvey, FNU Steffey, FNU Fontenot, FNU Brownfield, FNU Hanson, FNU Williams, FNU Chiles, J. Jones, Deshawn Davis, and FNU Laidled.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Motion for Injunctive Relief

Plaintiff alleges he was retaliated against for filing this action when he was placed in the Special Housing Unit (SHU) at the Federal Correctional Complex in Beaumont.  Plaintiff seeks injunctive relief requiring prison administrators to justify his assignment to the SHU and address the conditions of his confinement in the SHU.  Plaintiff also requests a transfer to another prison facility.

Analysis

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*; 335 F.3d 357, 363 (5th Cir. 2003). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363; *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Plaintiff requested injunctive relief regarding his confinement in the SHU at the federal prison in Beaumont, and he sought a transfer to another prison facility. Plaintiff has since been transferred to a prison in Seagoville, Texas. Because he has been transferred from the Beaumont prison, his Motion for Injunctive Relief is now moot. *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Recommendation

Plaintiff's Motion for Injunctive Relief (doc. #64) should be denied as moot.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE