IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LENROY MCLEAN | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-168 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lenroy McLean, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA) against the United States of America, Michael W. Lockhart, J. Baltazar, Sonya Cole, M. R. Lewis, Cathy Cutwright, First Name Unknown (FNU) Heno, FNU Brasfield, Russell Taylor, Wanda Jones, Rodney Davis, FNU Polavarapy, FNU McGarvey, FNU Steffey, FNU Fontenot, FNU Brownfield, FNU Hanson, FNU Williams, FNU Chiles, J. Jones, Deshawn Davis, and FNU Laidled.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant United States of America (Defendant) filed a Second Motion to Dismiss (doc. #75).[1] Plaintiff filed a Response (doc. #80), and the matter is now ripe for review.

---

[1] Plaintiff is also pursuing *Bivens*-type claims against the individual Defendants. This Report and Recommendation does not address those claims; it is limited to the only remaining FTCA claim, which is an assault claim. For purposes of this Report and Recommendation, the United States of America will be referred to as "Defendant" as the government is the only Defendant moving for dismissal at this time.

Factual Background

Plaintiff alleges Defendant Brownfield assaulted him by shoving him into a wall on March 1, 2019, when Defendant Brownfield returned Plaintiff to his cell after a medical appointment. (Doc. 1 at 58.)  Plaintiff alleges his neck was hurt as a result of the incident.  (Doc. #52 at 5, 32, 41; doc. #80 at 2-3.)

Motion to Dismiss

Defendant contends that the assault claim should be dismissed for lack of subject matter jurisdiction under the FTCA. First, Defendant contends that Plaintiff failure to allege an injury in his administrative tort remedy deprives the court of jurisdiction because the assault claim was not exhausted.  Defendant also contends that Plaintiff's allegation that he suffered a neck injury from the alleged assault is, at most, a *de minimis* injury that is insufficient to support a claim for money damages under the FTCA statute or to confer jurisdiction on the district court.

Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on:  (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The plaintiff bears the burden of proving that the court has subject matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Analysis

The FTCA provides a limited waiver of sovereign immunity.  The statute allows the United States to be held liable for certain common law torts of government employees acting within the

scope of their employment to the extent that a private person would be liable to the plaintiff under the law of the place where the allegedly tortious act occurred. 28 U.S.C. § 1346(b); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). Plaintiff bears the burden of proving Congress unequivocally waived sovereign immunity. *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010). Courts must strictly construe waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Chapa v. U.S. Dep't of Just.,* 339 F.3d 388, 390 (5th Cir. 2003).

*Exhaustion*

An FTCA claim is not actionable in federal court unless the claimant has exhausted administrative remedies with the appropriate government agency. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 113 (1993). The statute provides that: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency...." 28 U.S.C. § 2675(a). To properly present the claim, the claimant must give the agency sufficient written notice to initiate an investigation and must place a dollar value on the claim. *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014).

Defendant contends that the assault claim was not properly exhausted because Plaintiff did not specify any injury he suffered from the alleged assault in his administrative tort claim filed with the Bureau of Prisons (BOP). The record reflects that Plaintiff timely filed an administrative tort

claim, TRT-SCR-2019-04505, raising a number of complaints, including the alleged assault. (Doc. #47-1 at 6-31.) With respect to the claim of assault, Plaintiff described the incident as follows:

> Mclean was assaulted by Lt. Brownfield–when he entered Mclean's cell without first handcuffing him through the feed-up slot, per policy. Both Brownfield and Williams placed a belly chain around Mclean's waist and walked him to the medical examination room to be seen by Sonnier. Brownfield tried to intimidated [sic] Mclean in the present [sic] of several staff, by putting on his black gloves and told Sonnier to "move out the way."
>
> When Mclean was escorted back to his cell (B-range 136 cell), Brownfield kept punching the wall displaying his anger towards Mclean. Upon arrival in the cell, Mclean's belly chain was removed and officer Williams went and posted-up at the door acting as a look-out for Brownfield. Alone with Mclean, Brownfield started talking a lot of stuff, Mclean then position [sic] himself between the toilet and the bunk, because he was very weak from not eating–when Brownfield shoved him into the wall and waited for Mclean to swing on him. Mclean requested for the CCTV footage to be preserved of the date to prove the duration of time Brownfield spent in Mclean's cell, but such was administratively denied by Sonia Cole.

(Doc. #47-1 at 9.) Although Plaintiff did not detail any injuries sustained from the alleged assault, his description contained enough information for the BOP to initiate an investigation of the incident itself. Defendant has not cited any controlling authority for the proposition that an assault claim is unexhausted under the FTCA if the claimant alleged specific facts surrounding an assault claim but fails to allege the specific physical injury suffered as a result of the alleged assault. Accordingly, dismissal is not warranted on this ground.

*De Minimis Injury*

Defendant also contends that the injuries alleged by Plaintiff in his Complaint and subsequent pleadings are *de minimis* inuries, which are insufficient to state a claim for assault under the FTCA. The FTCA bars prisoners who have been convicted of a felony from bringing a civil action against the United States for mental or emotional injury suffered while in custody without a prior showing

of physical injury or the commission of a sexual act. 28 U.S.C. § 1346(b)(2). In interpreting a similar statute, 42 U.S.C. § 1997e(e), which also bars a prisoner from recovering money damages for emotional injuries unless the prisoner suffered a physical injury or the commission of a sexual act, the United States Court of Appeals for the Fifth Circuit has held that the physical injury must be more than *de minimis*, but need not be serious. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (holding that the Eighth Amendment standard applies when determining whether a prisoner has sustained a physical injury which would support a claim for mental or emotional suffering).

Plaintiff alleges his claim meets the injury requirement because he had neck pain after the alleged assault on March 1, 2019. At the time of the incident, Plaintiff was being closely monitored by the medical staff because he was on a hunger strike. (Doc. #76 at 24-86.) Plaintiff was seen by members of the medical staff daily from March 1, through March 8, 2019. He was also seen by members of the medical staff on March 11, 2019, and on March 24, 2019. During those encounters, Plaintiff never mentioned a neck injury or neck pain, or any other injuries from the alleged assault. Plaintiff points to an x-ray report dated July 13, 2021, showing he had "mild disc space narrowing at C4-5 and C5-6" as evidence that he suffered a neck injury on March 1, 2019. (Doc. #52 at 77.) However, the medical records submitted by Plaintiff do not support his argument. The records show that the x-ray was ordered after Plaintiff complained of neck pain on June 14, 2021, more than two years after the alleged assault. (Doc. E52 at 78.) According to the medical records, Plaintiff reported a "left sided neck pain/muscle spasm," and he told medical staff that he "does not recall an injury." (Doc. #52 at 78.) There is nothing in the record to suggest that the neck pain he suffered on June 14, 2021, was related to the alleged assault on March 1, 2019.

In *Sublet v. Million*, the plaintiff filed an FTCA claim alleging that he suffered "temporary pain stemming from numbness and tenderness in his left hand and arm" from being handcuffed. *Sublet v. Million*, 451 F. App'x 458, 459 (5th Cir. 2011). In an unpublished, *per curiam* opinion, the Fifth Circuit held that those injuries were *de minimis*, and the plaintiff's claim for compensatory damage was properly dismissed in accordance with 28 U.S.C. § 1346(b)(2). *Id*. In this instance, Plaintiff's complaints of neck pain that were not serious enough to report to medical providers at a time when his medical condition was monitored daily, are insufficient to allege an injury that was more than *de minimis*. *See also Barela v. Underwood*, No. 3:18-CV-2353-G-BH, 2020 WL 4550417, at *6 (N.D. Tex. July 9, 2020) (unpublished) (concluding that complaints of knee pain were insufficient to show the existence of a physical injury for purposes of an FTCA claim), *Report and Recommendation adopted by* 2020 WL 4530361 (N.D. Tex. Aug. 6, 2020). Accordingly, the assault claim should be dismissed for lack of subject matter jurisdiction.

## Recommendation

Defendant's Second Motion to Dismiss the assault claim for lack of subject matter jurisdiction under the FTCA should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 4th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE